# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Staff Sergeant ANGELA J. COOK
### United States Air Force

### ACM 38893

### 15 June 2016

Sentence adjudged 20 July 2015 by GCM convened at Cannon Air Force Base, New Mexico. Military Judge: Brendon K. Tukey (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 120 days, and reduction to E-1.

Appellate Counsel for Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Rule of Practice and Procedure 18.4.

BROWN, Judge:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Although we find no prejudice to Appellant, we address two errors in the post-trial processing of this case.[*]

---

[*] Additionally, Appellant identified that paragraph 9 of the pretrial confinement order (DD Form 2707), as included in the pretrial allied papers portion of volume 2 of the record of trial, includes her private medical information. Appellant requests this court direct that all copies of this form be sealed. Although this information appears to have been inadvertently placed on the form, it is not relevant to any issues raised or identified in the appellate process. Accordingly, the Clerk of the Court is directed to redact Appellant's medical information as contained on that form in the original record of trial. The Government is also directed to redact this same information from all other copies of the record of trial. *Cf.* Air Force Manual 51-203, *Records of Trial*, ¶ 6.3.4 (17 November 2009) (incorporating change 1, 27 June 2013) (providing the procedure for securing sealed materials).

First, the Court-Martial Convening Order (as well as the Result of Trial) contained several typographical errors. In the Specification of Charge I, both the plea and the findings erroneously failed to include "between" and "and" in the excepted language as pled by Appellant. Furthermore, in Specification 2 of Charge II, the specification erroneously included "on divers occasions" when the specification instead alleged a single use. We direct a corrected promulgating order to correct these minor errors.

Second, the staff judge advocate failed to address three alleged legal errors raised during Appellee's clemency request. *See* Rule for Courts-Martial 1106(d)(4). Appellant affirmatively waived these issues as a part of her pretrial agreement (although nothing prohibited her from raising these issues as matters to be considered by the convening authority in clemency). Furthermore, the convening authority was directed to consider all matters submitted by Appellant in clemency and signed a memorandum affirmatively stating that he did so. For these reasons, even assuming that it was error to fail to address these three matters in the addendum to the staff judge advocate's recommendation, the omission did not prejudice a substantial right of Appellant.

Finding no error materially prejudicial to a substantial right of Appellant, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court